■ SOPHIE COOPER, Respondent, v MABRU ASSOCIATES et al., Defendants, and CHARLES H. GREENTHAL AND COMPANY, Appellant. (And a Third-Party Action and a Second Third-Party Action.) [654 NYS2d 377] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 24, 1995, which, insofar as appealable, denied defendant-appellant's motion to renew a prior order denying its motion to vacate plaintiff's affidavit of corrections to her deposition transcript, unanimously modified, on the law, to grant renewal, and, upon renewal, to deny the motion, and otherwise affirmed, without costs.

Insofar as defendant urged that the initial decision implicitly assumed plaintiff's availability at trial, where she could be examined about the changes she made to the deposition, but that subsequent to the decision the elderly plaintiff's health had so deteriorated as to make her availability at trial doubtful, defendant was offering new proof not considered on the initial motion, which, it is clear from the motion court's decision, the motion court actually considered. As such, renewal, or equivalent relief under different nomenclature, should have been granted to indicate acceptance and consideration of the new proof. Upon review of the entire record, we agree with the motion court, first, that defendant's proof is insufficient to show that plaintiff will not be able to testify at trial, and second, assuming such incapacity, defendant will suffer no prejudice since it will be able to impeach plaintiff by introducing the deposition and affidavit of changes at trial and pointing up their inconsistences. Defendant cites no authority for the proposition that changes in a deposition, permissible as to both

form and substance under CPLR 3116 (a), must be stricken should it develop that the deponent will not be testifying at trial. We have considered defendant's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Williams and Andrias, JJ.